UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. CV 11-8257-DOC (RNBx)                                                                  Date: May 9, 2012
       Consolidated with CV 12-0417-DOC(RNBx)

Title: JOAO CONTROL AND MONITORING SYSTEMS LLC -V- WEBCAMNOW.COM, INC., ET AL.

PRESENT:

              THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                                                 NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER DENYING MOTION TO RECONSIDER DISMISSAL

      Before the Court is a Request for Reconsideration re Order on Motion to Dismiss (Dkt. 37) filed by Plaintiff Joao Control and Monitoring Systems LLC ("Plaintiff").  On April 24, 2012, Court previously granted as unopposed a motion to dismiss filed by Defendant Ahava Inc. ("Defendant Ahava"), citing Local Rule 7-12, which provides that "failure to file" an opposition "within the deadline, may be deemed consent to the granting . . . of the motion." *See* Order (Dkt. 34).

      A Motion for Reconsideration is governed by the Federal Rules of Civil Procedure and the Local Rules.  Local Rule 7-18 allows a motion for reconsideration to be brought on "only" the following grounds: (1) facts or law that "could not have been known" to the movant at the time of the decision given the "exercise of reasonable diligence"; (2) new material facts or a change of law; or (3) a "manifest showing of a failure to consider material facts presented." L.R. 7-18.  Federal Rule of Civil Procedure 60 also allows a court to "relieve a party . . . from a final judgment, order, or proceeding for . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).[1]

---

[1] Plaintiff moves this Court under California Code of Civil Procedure Section 473(b), which allows a *state* court to relieve a party from judgment "upon any terms as

      Plaintiff's Request for Reconsideration explains that two of Plaintiff's numerous counsel were busy litigating and thus failed to notice for an entire week that a motion to dismiss had been filed. As this Court noted in its prior Order, "Plaintiff is a sophisticated party and has litigated several patent cases that would have required Plaintiff to become familiar with the local rules." *See* Order (Dkt. 34). Furthermore, in two other motions currently before this Court, Plaintiff is arguing that it can not be bound by purported settlement agreements between it and other defendants because those defendant's counsel did not dot every "t" and cross every "i." Given Plaintiff's high level of sophistication and enthusiasm for hyper-technicalities when they serve Plaintiff's ends, this Court is not persuaded that there is any reason justifying relief from the local rules.

      The Clerk shall serve this minute order on all parties to the action.

---

may be just." *See* Cal. Code Civ. Pro. § 473(b); Mot. (Dkt. 37) at 3. While a *federal* plaintiff is free to request relief from judgment, he must do so under the Federal Rules of Civil Procedure, such as via a motion under Rule 60. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938); Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 1-B § 1:95 ("Procedural issues . . . are governed by federal law"). Plaintiff failure to move this Court under the relevant federal law is grounds alone to deny the Request for Reconsideration.